Case No. SACV 17-02079-CJC(RAOx)            Date: December 4, 2017

Title: <u>VILLAS AT FASHION ISLAND, LLC V. PETER WHITEHEAD, *ET AL.*</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Melissa Kunig</u> | <u>   N/A   </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING CASE**

       Plaintiff filed this unlawful detainer action in state court on October 23, 2017. (Dkt. 7 Ex. A.) Defendant Peter Whitehead removed the action on November 28, 2017. (Dkt. 1.)[1] For the following reasons, the Court lacks subject matter jurisdiction and hereby REMANDS the action to Orange County Superior Court.

       "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies

---

[1] Defendant removed this action after the 30 day deadline to file a motion to remove the action passed. *See* 28 U.S.C. § 1441.

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 17-02079-CJC(RAOx) | Date: December 4, 2017 |
| | Page 2 |

---

in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

It is evident that the Court lacks subject matter jurisdiction over the instant case. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant claims in his notice of removal that his defenses give rise to federal question jurisdiction. (Dkt. 1.) However, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983).

Diversity jurisdiction is also lacking. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement has not been met because the action seeks damages not in excess of $10,000. (Dkt. 7 Ex. A.)

All pending motions, (Dkts. 3, 7, 8), are hereby DISMISSED.

sl

CIVIL-GEN                                                                 Initials of Deputy Clerk MKU